IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

THERESA A. ARMIJO,

      Plaintiff,

      vs.                                                1:25-cv-00125-JMR

FRANK BISIGNANO,[1] Commissioner of the
Social Security Administration,

      Defendant.

**ORDER GRANTING MOTION FOR ATTORNEY FEES
PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT**

THIS MATTER comes before the Court on Plaintiff's Opposed Motion for Attorney's

Fees Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d) with Supporting

Memorandum, filed on November 21, 2025.  Docs. 24, 25.  The Commissioner filed a response

(Doc. 25) and Plaintiff filed a reply (Doc. 26).  The parties consented to my presiding over this

matter.  Docs. 4, 10, 11.  Having considered the parties' submissions, the record, and the

relevant law, and being otherwise sufficiently advised, the Court FINDS that Plaintiff's Motion

is well taken and should be GRANTED.

## I.     Background

Plaintiff filed an application for Disability Insurance Benefits on February 24, 2021 and

an application for Supplemental Security Income on July 18, 2022.  AR 241, 254.  Plaintiff

alleged disability since December 17, 2020—due to fibromyalgia, asthma, arthritis, and

---

[1] Frank Bisignano became the Commissioner of the Social Security Administration on May 7, 2025, and is automatically substituted as the defendant in this action.  FED. R. CIV. P. 25(d).

hypothyroidism.  AR 60.  Plaintiff's applications for benefits were denied initially and upon reconsideration, and she thereafter requested a hearing before an ALJ.  AR 95, 105, 114.  On February 22, 2024, ALJ Dwight Wilkerson conducted a hearing.  AR 41–58.  The ALJ issued his unfavorable decision on June 13, 2024.  AR 24–33.  The Appeals Council denied Plaintiff's request for review on December 20, 2024.  AR 1–7.

Plaintiff appealed the Commissioner's decision to this Court, raising three arguments in her twenty-four-page brief.  Doc. 17.  Instead of filing a response to Plaintiff's motion, the Commissioner filed an unopposed motion to remand this case for further administrative proceedings, which the Court granted.  Docs. 21–22.

Plaintiff now seeks attorney's fees pursuant to the Equal Access to Justice Act ("EAJA").  The Commissioner opposes the motion on the grounds that the fees requested are excessive and unreasonable.  I find Plaintiff's requested fees to be reasonable and will grant Plaintiff's requested fees in full.

## II.    **Standard of Review**

The Equal Access to Justice Act ("EAJA") requires the Court to award attorney fees in covered cases if:  (1) the plaintiff is a prevailing party; (2) the United States' position was not substantially justified; and (3) there are no special circumstances that make a fee award unjust.  *Hackett v. Barnhart*, 475 F.3d 1166, 1172 (10th Cir. 2007) (citing 28 U.S.C. § 2412(d)(1)(A)).  However, the fee award must be reasonable, and the Court "retain[s] substantial discretion in fixing the amount."  *Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 161, 163 (1990); *see also Collazo v. Shinseki*, 2010 WL 145955, at *1 (Vet. App. Jan. 15, 2010) ("The [Court] must determine not just the actual hours expended by counsel, but which of those hours were reasonably expended in the litigation.") (quoting *Ramos v. Lamm*, 713 F.2d 546, 553 (10th Cir. 1983), *overruled on other*

*grounds by Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 483 U.S. 711, 725 (1987)).  The applicant bears the burden of (1) establishing her entitlement to a fee award, (2) providing appropriate supporting documentation, and (3) demonstrating that the requested fee award is reasonable.  *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)[2]; *Baldridge v. Nicholson*, 19 Vet. App. 227, 233 (2005).

"[T]he most useful and objective starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate."  *Baldridge*, 19 Vet. App. at 233 (quoting *Hensley*, 461 U.S. at 433). However, an applicant "is not necessarily entitled . . . to be compensated for all time spent on the case," even if all such time was reasonably spent.  *Id.*  Rather, in awarding EAJA fees, the Court has "a special responsibility to ensure that taxpayers are required to reimburse prevailing parties for only those fees and expenses actually needed to achieve the favorable result."  *Id*. at 233 (quoting *Role Models Am., Inc. v. Brownlee*, 353 F.3d 962, 975 (D.C. Cir. 2004).  Thus, for example, an EAJA applicant's attorney must "make a good faith effort to exercise billing judgment" by excluding hours that are "excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Id.* at 234 (quotation marks omitted).  Also, the attorney must "justify any time in excess of what would be considered the normal time needed to accomplish a particular task by providing a detailed, specific explanation of why the time exceeded that norm."  *Id.* at 235 (citing *Ramos*, 713 F.2d at 554).

A fee applicant's supporting documentation "must be of sufficient detail and probative

---

[2] In *Jean*, the United States Supreme Court explained that once a litigant has shown entitlement to EAJA fees, "the district court's task of determining what fee is reasonable is essentially the same as that described in *Hensley*." 496 U.S. at 161.

value to enable the court to determine with a high degree of certainty that such hours were actually and reasonably expended.'" *Role Models*, 353 F.3d at 970. *Inter alia*, billing records must identify the persons whose time is being billed and their role in the case. *See id*. at 971–72 (explaining that reasonableness of fees cannot be evaluated without knowing who is charging the fees, rendering time records for unidentified persons "manifestly inadequate"). Moreover, "work that is purely clerical in nature may not be billed by any person, including attorneys." *Baldridge*, 19 Vet. App. at 236.

### III.   <u>Discussion</u>

In her motion, Plaintiff requests a total EAJA fee award of $10,577.80, comprised of the following:  (1) 37.9 hours of attorney time at $257.00 per hour ($9,740.30), and  (2) 6.7 hours of paralegal time at $125.00 per hour ($837.50). Doc. 24 at 2, Doc. 24-1 at 3. The Commissioner does not dispute that Plaintiff is a prevailing party for purposes of the EAJA, nor does he contend that his position was substantially justified or that special circumstances make a fee award unjust. *See* Doc. 25; *Hackett*, 475 F.3d at 1172. However, the Commissioner argues that the fees requested are excessive and unreasonable, and should be reduced to "a reasonable sum." Doc. 25 at 3–7. Specifically, the Commissioner asks the Court to reduce Plaintiff's claimed fees by approximately twenty-five percent and to award Plaintiff a reduced EAJA fee of $8,000.00. *Id.* at 1. In reply, Plaintiff requests an additional $1,130.80 in attorney fees for drafting the reply (4.4 hours of attorney time at $257.00 per hour). Doc. 26. In total, Plaintiff requests $11,708.60 in fees. *Id.* at 7. Having considered the arguments of the parties, the relevant law, and the relevant documents, the Court finds Plaintiff's requested attorney fees in this case to be reasonable, and will award Plaintiff the full $11,708.60 requested.

As the Commissioner points out, Courts in this circuit have repeatedly held that the

average number of hours required to fully brief a social security appeal range from twenty to forty hours.  Doc. 25 at 4 (citing *Dalton v. Berryhill*, No. 16cv273 LF, 2018 WL 2694460, at *2-*3 (D.N.M. June 5, 2018) (collecting cases)).  The Commissioner argues that the average number of hours needed in a case that is not fully briefed—e.g. one voluntarily remanded without the need for a reply brief—should be even fewer.  Doc. 25 at 5.  As Plaintiff points out, however, "[t]he term 'average' necessarily means there will be hours billed outside this range in both directions."  Doc. 26 at 3.  The "average range provides only a useful starting point, a frame of reference" but "forty hours is not intended to constitute an absolute 'cap'" on allowable attorney fees.  *Crim v. Comm'r of Soc. Sec.*, No. 1:11-CV-137, 2013 WL 1063476, at *5 (S.D. Ohio Mar. 14, 2013), report and recommendation adopted, No. 1:11CV137, 2013 WL 3367337 (S.D. Ohio July 5, 2013).  More hours can be justified "where the administrative record is especially extensive or where novel or complex issues are presented." *Wellman v. Colvin*, No. 13cv1122 KBM, Doc. 25 at 2 (D.N.M. June 15, 2015); s*ee also Roxanne C. v. Colvin*, No. 23cv333 GBW, 2025 WL 89295, at  *3–*4 (D.N.M. Jan. 14, 2025) (reducing requested EAJA fees by twenty-five percent in a case voluntarily remanded before the reply brief was filed, but still allowing 55.65 hours' worth of fees to be paid).[3]

The Court finds that Plaintiff has adequately justified the number of hours spent on this case, despite claiming more hours than average.  *See Baldridge*, 19 Vet. App. at 235 (attorney must "justify any time in excess of what would be considered the normal time needed to accomplish a particular task").  The Court recognizes that Plaintiff's request for 44.6 hours of

---

[3] Plaintiff in this case requested payment for 74.2 hours of work and the Court reduced the fees awarded by twenty-five percent.  *Roxanne C.,* 2025 WL 89295, at *1.  A twenty-five percent reduction of hours paid results in 55.65 hours, 15.65 hours above the high-end of the average range for a fully briefed case.

time (attorney and paralegal time) is above the average time for a fully briefed case, and even further above the average time for a case voluntarily remanded before a reply is filed. However, the Court does not agree with the Commissioner's assertion that Plaintiff has "provided no explanation whatsoever as to why this case warrants" more than the average number of attorney hours. Doc. 25 at 5. The Court also does not agree with the Commissioner's assertion that Plaintiff's opening brief raised only "three *standard* issues." *Id.* at 2 (emphasis added). Plaintiff has explained why the issues raised required more than an average amount of time to brief. The Commissioner takes particular umbrage with the 16.2 hours counsel requests for record review. *Id*. at 5. The Commissioner argues that the 1,699-page record is "not excessively large" and posits that "not every page of the record requires a thorough review by counsel." *Id*. But Plaintiff explains that detailed record review was required in this case because the arguments in Plaintiff's opening brief were "fact intensive arguments regarding the specifics of Plaintiff's individual impairments" requiring citations to the majority of the 1,699-page record. Doc. 26 at 2. The Court agrees with Plaintiff. One of the arguments Plaintiff raised in her opening brief was that the ALJ erred by finding her fibromyalgia to be a non-medically determinable impairment. Doc. 17 at 1, 10–13. Specifically, Plaintiff argued that the ALJ failed to assess whether the medical evidence of record showed that she met the 2010 fibromyalgia criteria of the American College of Rheumatology:

> 1. A history of widespread pain . . .
> 2. Repeated manifestations of six or more [fibromyalgia] symptoms, signs, or co-occurring conditions, especially manifestations of fatigue, cognitive or memory problems ("fibro fog"), waking unrefreshed, depression, anxiety disorder, or irritable bowel syndrome; and
> 3. Evidence that other disorders that could cause these repeated manifestations of symptoms, signs, or co-occurring conditions were excluded . . . .

SSR 12-2p (S.S.A. July 25, 2012). *Id*. at 11.  This argument required Plaintiff to review the 1,699-page record for numerous symptoms and conditions over a broad span of time.  Given the detailed record review required for this argument, the Court concludes that the 16.2 hours counsel spent reviewing the 1,699-page record is reasonable in this case.  Similarly, the Court finds that 17.1 hours billed for writing Plaintiff's 24-page opening brief containing citations to many pages of record evidence is reasonable, particularly given the high quality of counsel's briefing and analysis. *See* Doc. 17.

Finally, the Court is not persuaded by the Commissioner's argument that Plaintiff's billing records are not "sufficiently detailed" to show that her requested EAJA fees are reasonable.  Doc. 25 at 5.  The Court finds Plaintiff's billing records sufficiently detailed.  For example, in relation to the number of hours billed for drafting Plaintiff's opening brief, counsel lists the following:

| | |
|---|---|
| Drafting procedural history and facts: | 5.2 hours |
| Begin researching issues and drafting arguments: | 3.6 hours |
| Finish researching issues and drafting argument: | 8.3 hours |

Doc. 24-2 at 3.  These entries are sufficiently detailed, particularly when viewed in conjunction with Plaintiff's opening brief.  While ideally the entries might be somewhat more detailed, they are not the type of vague, block billed entries that were noted to be of concern in the case the Commissioner cites— *In re Donovan*, 877 F.2d 982, 995 (D.C. Cir. 1989).  Doc. 25 at 6.  In addition, more granular detail about how much time was spent drafting each argument is not necessary in this particular case for the Court to assess whether the fees were "actually needed to achieve the favorable result." *Baldridg*e, 19 Vet. App. at 233.  Because the Commissioner voluntarily remanded this case after Plaintiff filed her opening brief without providing any information about what caused the Social Security Administration to do so, the Court is unable to

ascertain which argument(s) were actually needed to obtain the remand.  Given this procedural posture, the Court looks at the time counsel spent drafting the brief as a whole and concludes that it is reasonable and that Plaintiff's billing entries are sufficiently detailed to justify the requested fees.

IT IS THEREFORE ORDERED that Plaintiff's motion for EAJA fees (Doc. 24) is GRANTED.  Plaintiff is awarded $11,708.60  in attorney fees pursuant to 28 U.S.C. § 2412(d). *See Astrue v. Ratliff*, 560 U.S. 586, 591–93 (2010) (EAJA fees are paid to the prevailing party, not the attorney).[4]

IT IS FURTHER ORDERED THAT, if Plaintiff's counsel receives attorney fees under both the EAJA and 42 U.S.C. § 406(b) of the Social Security Act, plaintiff's counsel shall refund the smaller award to plaintiff pursuant to *Weakley v. Bowen*, 803 F.2d 575, 580 (10th Cir. 1986).

JENNIFER M. ROZZONI
United States Magistrate Judge
Presiding by Consent

---

[4] If, after receiving the Court's EAJA fee order, the Commissioner (1) determines upon effectuation of the Court's EAJA fee order that Plaintiff does not owe a debt that is subject to offset under the Treasury Offset Program, and (2) agrees to waive the requirements of the Anti-Assignment Act, the fees may be made payable to Plaintiff's attorney.  However, if there is a debt owned under the Treasury Offset Program, the Commissioner cannot agree to waive the requirements of the Anti-Assignment Act, and the remaining EAJA fees after offset will be paid by a check made out to Plaintiff but delivered to Plaintiff's attorney.